### William F. Barnes & another *vs.* Ephraim Parker.

When one of the parties to a suit, which is settled out of court, promises the other that he will " pay all costs to be taxed by the court," he is not liable to an action for those costs, until after he has received notice of the amount thereof.

Assumpsit on this agreement : " In consideration of a settle ment this day made between William F. Barnes and Aaron P. Barnes, and myself, I hereby agree to pay all costs accruing on the papers of reference between us, entered in the court of common pleas at Worcester, and recommitted to the referees, to be taxed by the court, as court fees.      Ephraim Parker.

Athol. May 30th 1842."

The case was submitted to the court on the following facts agreed: " The plaintiffs claim, in this action, the sum paid by them for the entry of an award of referees returned to the court and recommitted to the referees between the parties After the recommitment of the award, a settlement of the case was made, and the paper declared on contains the agreement made at the time of settlement. The demand declared on was left with the plaintiffs' attorney for collection, who addressed a letter to the defendant, requesting him to pay the demand. Afterwards, and before suit brought, the defendant declined paying it; but neither the plaintiffs nor their attorney ever notified to the defendant the amount claimed, nor is there any evidence that said letter ever reached the defendant. At the June term of the court of common pleas in 1842, 'neither party' was entered, by consent of parties, in the case in which the award was recommitted. No costs have ever been taxed in that case by the court or by the clerk of the court."

*Brooks,* for the plaintiffs.

*F. H. Dewey,* for the defendant.

HUBBARD, J. It is argued, on the part of the plaintiffs, that the agreement declared on is a promise by the defendant to pay the costs in the case between them, or a sum which, if the action had passed into judgment, would have been the taxable costs; that the sum to be paid was equally within the knowledge of both parties; and consequently, that no previous steps were required to be taken in order to enable the plaintiffs to sustain their action.

It is very clear, that where the declaration is upon a contract to pay some debt or do some duty, as is set forth in the common counts in assumpsit, the *licet sæpius requisitus* is sufficient, without proof of a previous demand. So also, where the matter is equally within the conusance of both parties, no notice is required. But where the thing is more properly within the knowledge of the plaintiff than the defendant, then notice is required to be given, before commencing the action. And we are of opinion, that in the taxation of the plaintiff's costs in a suit pending, the plaintiff has better means of knowledge than

the defendant as to the costs incurred by him, and which may be incurred by him, and are the subject of taxation. In the case of *Harris* v. *Ferrand*, Hardr. 42, Hardres, in discussing the question, in what cases notice is to be given, mentions an agreement " to pay the plaintiff's costs of suit; " and this is cited with approbation by Comyns, in his Digest, Pleader, C. 73.

In the present case, the agreement was to pay the costs to be taxed by the court, as court fees; to enable the clerk to do which, the plaintiff must, ordinarily, produce the papers. And we are of opinion that the defendant was under no obligation to go or to send to the clerk's office in Worcester, to ascertain the costs; and that a taxation of them, on the request of the defendant, could not be binding on the plaintiffs, without notice.

On the view thus taken of the case, it is unnecessary to decide whether the agreement related to costs that might accrue subsequently to the settlement by the parties, or to all the costs arising upon the entry of the action in the court of common pleas.

The demand in this suit is very small, and would seem at first sight to be subject to the maxim, *de minimis non curat lex.* But in another view it illustrates the extent and excellence of our system of jurisprudence, which affords to every citizen, who feels that he is aggrieved in his legal rights, an appeal to the highest tribunal, for the ascertainment and protection of those rights.

We are of opinion that the plaintiffs should have ascertained the amount of the taxable costs to be paid by the defendant, and have given him notice of the same before action brought.

*Judgment for the defendant.*